E-FILED
Thursday, 20 October, 2011 03:28:33 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| MICHAEL JOHNSON, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 11-cv-1132 |
| FRANCISCO JAVIER-GUERRA VALLEJO and ALSIRA CARRIERS, INC., | ) ) ) ) ) |
| Defendants. | ) |

## O R D E R  &  O P I N I O N

This matter is before the Court on Defendants' Motion to Stay All Proceedings. (Doc. 12). Plaintiff has not responded to the Motion. For the reasons stated below, Defendants' Motion is granted in part and denied in part.

Plaintiff's Amended Complaint in this action charges Defendant Vallejo with common-law negligence in causing the accident, and alleges that Vallejo was acting in the scope of his employment for Defendant Alsira Carriers when he caused the accident, such that Alsira Carriers was liable for his negligence. (Doc. 9). A Rule 16 scheduling conference was held on May 24, 2011, and the parties have begun the discovery process, which is set to be completed by May 31, 2012, with a jury trial set for October 15, 2012.

In the instant Motion, Defendants state that, at the time of the accident, Defendant Alsira Carriers had an insurance policy with Federal Motor Carriers Risk Retention Group ("FMC"), and that they have just learned that as of August

17, 2011, FMC is in liquidation. (Doc. 12 at 1). Defendants assert that the Delaware Court of Chancery has ordered a "stay of all proceedings," including this one:

> All officers, directors, agents, servants and employees of FMC-CAPTIVE and FMC-RRG, and all other persons or entities having notice of these proceedings or of this Order, are hereby enjoined and restrained from instituting or further prosecuting any action at law or in equity, or proceeding with any pretrial conference, trial, application for judgment or proceedings on judgment or settlements and such action at law, in equity, special or other proceedings in which FMC-CAPTIVE and FMC-RRG are obligated to defend themselves or any other party for a period of 180 days from the date hereof.

(Doc. 12, Ex. A at 9). Thus, the Delaware court orders a 180-day stay of all actions, such as this one, in which FMC is "obligated to defend…any other party." Defendants ask the Court to stay these proceedings "until further notice." (Doc. 12 at 3).

The Court will not stay this matter "until further notice." Plaintiff has a right to a timely trial of his claims, and the fact that Defendants' insurer may no longer be available to defend them or pay out on any judgment or settlement should not impair his rights. Further, the Court itself has an interest in the timely resolution of pending matters, and does not find that it is in the interest of justice for this case to remain open indefinitely. Indeed, even the Delaware court orders only a 180-day stay.

This matter will be stayed for 180 days from August 17, 2011, at which point Defendants must file a status report explaining the current state of the liquidation proceedings and whether the stay should be extended. Plaintiff may file a brief on the question of extending the stay at that time, as well. The Court will then establish new discovery and dispositive motions deadlines, and will set new dates

for the final pretrial conference and trial in this matter, unless Defendants show that an extension of the stay is justified.

IT IS THEREFORE ORDERED that Defendants' Motion to Stay All Proceedings (Doc. 12) is GRANTED IN PART AND DENIED IN PART. This matter is hereby STAYED until Tuesday, February 14, 2012, on which date Defendants SHALL file a status report as described in this Order & Opinion.

Entered this 20th day of October, 2011.

s/ Joe B. McDade  
JOE BILLY McDADE  
United States Senior District Judge